## WILLIAM WHITE *versus* AMOS SNELL.

Where the defendant, " for value received, promised to pay the plaintiff a sum of
money, if and when the defendant should recover his demands against A," it was
held competent for the plaintiff to prove that the defendant had no demands against
A (and that so the promise was absolute) or that he had not used due diligence
to collect them.

A count upon such contract, alleging that the promisor, intending to wrong the plain-
tiff, had never attempted to recover his demands against A, cannot be joined with
a count in assumpsit.

ASSUMPSIT upon a promissory note as follows : — " West-
port, March 9, 1809. Value received I promise to pay W.
White or order 100 dollars, to be paid if I recover of T.
Shearman my demands against said Shearman towards the
land where I now live, to be paid when recovered of said
Shearman, with interest from this date. Amos Snell jun."

The writ contained three counts. In the first it was
averred that Snell had recovered all the demands which he
had against Shearman, towards the land where he lived at the
date of the note. · In the second, that Snell had no demands
against Shearman · towards the land, &c. In the third, that
Snell, intending to wrong the plaintiff, had never attempted to
recover of Shearman what demands he had, if any, against
Shearman towards the land, &c.

The defendant pleaded *non assumpsit*.

At the trial, before *Parker* C. J., the plaintiff offered to
prove that Snell never had any demands against Shearman
towards the land, &c.; or that if he had any such demands, he
never made any attempt to recover them, although Shearman
was of sufficient ability to pay them ; but the evidence was
rejected, and there being no proof that Snell had received
any thing from Shearman according to the terms of the con-
dition, a nonsuit was directed, subject &c. If on the facts
which the plaintiff offered to prove, and which were particu-
larly stated in a motion to take off the nonsuit, he was by law
entitled to recover, a new trial was to be had ; and if it should
be necessary for the plaintiff to amend by filing new counts,
he was to have leave on such terms as the Court should
impose.

*Bassett* and *Spooner*, in support of the motion, said, that the contract implied that Snell had demands against Shearman, and that he would use due diligence to recover them, and if he should fail to collect them, upon using due diligence, the note should then be payable ; as it could not be supposed that the plaintiff intended to make a gift, or that he was to be subject to a penalty, in case Snell should not collect his demands. The plaintiff therefore had a right to show, that Snell had not used reasonable diligence. But if Snell had no demand against Shearman, then the condition of the note was impossible and void, and the promise was single and the evidence on this point also was admissible. *Mauleverer* v. *Hawxby*, 2 Saund. 79 ; *Butler* v. *Wigge*, 1 Saund. 66. As to the construction of contracts, they cited 3 Dane's Abr. 576, § 9 ; Shep. Touch. 127 ; *Mildmaye's case*, 6 Co. 41 ; *Welles* v. *Wright*, 2 Mod. 285.

*Coffin* and *Battelle*, *contrà*, contended, that there was no ambiguity in the contract ; that it was a promise to pay only upon a contingency, which the plaintiff did not pretend had happened.

They objected that the second and third counts should have been in *case*, the facts stated in them showing fraud, and that they were improperly joined with the first count, which was in form *ex contractu*. *Wilson* v. *Marsh*, 1 Johns. R. 503 ; *Stoyell* v. *Westcott*, 2 Day, 418 ; *Hallock* v. *Powell*, 2 Caines's R. 116.

*Spooner*, in reply, said this last objection should have been made on demurrer, and that the plaintiff was entitled to amend consistently with the original cause of action and maintain assumpsit.

Oct. 24th.     *Per Curiam.* The Court think that some facts were proposed to be proved, which may sustain the action. The second count alleges that Snell had no demands against Shearman towards the land, &c. Should that appear to be the case, the promise would be absolute to pay the plaintiff 100 dollars. But if there were demands, which, though not recoverable, it was thought might by possibility be recovered, the promise might have been put upon the contingency of Snell's being able to collect them ; and if he used proper

diligence for that purpose, but failed in his attempt, perhaps this note would not be recoverable ; if the power to collect the demands was not doubtful, it would be otherwise.

As to the third count, being in *tort*, it is not properly joined with others which are in *assumpsit ;* but if it is to be supported by evidence, the plaintiff may amend, upon payment of costs to the time of the nonsuit.

*Nonsuit taken off.*